# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

-v-

**JOHN SMITH**

04-10077-03-T

FILED BY _SP_ D.C.

05 APR -6 AM 8: 47

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT.
W.D. OF TN - JACKSON

**Jeff Mueller**
Defense Attorney
1289 North Highland
Jackson, TN 38301

## REDACTED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1, 3 and 5 of the Indictment on January 05, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Manufacture and Distribute Methamphetamine | 07/14/2004 | 1 |
| 21 U.S.C. §§ 841a)(1) | Possession of Certain Chemicals, Equipment, Products and/or Materials with Intent to Manufacture Methamphetamine | 07/14/2004 | 3 |
| 21 U.S.C. § 858 | Creating a Substantial Risk to Human Life During the Manufacture of and/or Attempt to Manufacture Methamphetamine | 07/14/2004 | 5 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Counts 2 and 4 dismissed on motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on __04-07-05__



Case No: 1:04cr10077-03T   Defendant Name: John Smith

Page 2 of 7

Defendant's Soc. Sec. No. ████████
Defendant's Date of Birth: ████████
Deft's U.S. Marshal No.:   19665-076

Date of Imposition of Sentence:
April 04, 2005

Defendant's Mailing Address:
████████████
████████

_/s/ James D. Todd_
JAMES D. TODD
CHIEF UNITED STATES DISTRICT JUDGE

April___5___, 2005

Case No: 1:04cr10077-03T   Defendant Name: John Smith                Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **87 months** as to each of Counts 1, 3 and 5 of the Indictment, to run concurrently.

The Court recommends to the Bureau of Prisons: Institution as close to home as possible, where defendant can receive intensive drug treatment and counseling.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

Case No: 1:04cr10077-03T   Defendant Name: John Smith          Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** as to each of Counts 1, 3 and 5, concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

Case No: 1:04cr10077-03T   Defendant Name: John Smith          Page 5 of 7

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate as directed in a program of testing and/or treatment for substance abuse as directed by the Probation Office.

2. The defendant shall cooperate in the collection of DNA as directed by the Probation Office.

3. The defendant shall not incur new credit charges or open any additional lines of credit without the permission of the U. S. Probation Officer, while any portion of the restitution remains unpaid.

Case No: 1:04cr10077-03T   Defendant Name: John Smith          Page 6 of 7

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 |  | $1,699.36 |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

    Restitution in the amount of **$1,699.36** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below. The defendant and co-defendants Gregory Lumley and Jessica Singletary shall be jointly and severally liable for the entire amount of the restitution.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| DRUG ENFORCEMENT ADMINISTRATION, Attn: APPROPRIATION NO. K1-2004-0504-0820 JACKSON POST OF DUTY 109 S. HIGHLAND AVENUE JACKSON, TN 38301 |  | $1,699.36 |  |

    Restitution shall be paid in monthly installments equal to ten percent (10%) of the defendant's total gross monthly household income from all sources. The defendant shall

Case No: 1:04cr10077-03T   Defendant Name: John Smith          Page 7 of 7

be required to regularly furnish proof of his gross monthly household income, upon which th amount of monthly payments shall be based, to the U. S. Probation Office.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.